# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Tony L. Hobson, | Case No.: 2:16-cv-00437-JAD-VCF |
| Plaintiff | **Order Granting Motion for Summary Judgment** |
| v. | |
| Clark County, et al. | [ECF No. 42] |
| Defendant | |

Pro se plaintiff Tony Hobson brings this civil-rights action under 42 U.S.C. § 1983 to recover for events that allegedly occurred while he was awaiting trial at the Clark County Detention Center (CCDC). After screening his complaint, I permitted Hobson's excessive-force and procedural-due-process claims to proceed against Corrections Officers Sergio Corona, Reygie Cera, Salvatore Parascando, and Cheri Smith, and Sergeant Shimeka Graham.[1] Hobson contends that Officers Corona and Cera used excessive force on him and Sergeant Graham and Officers Parascando and Smith covered up for Corona and Cera in their investigation of the incident. The defendants move for summary judgment on both of Hobson's claims, arguing that Hobson did not exhaust his administrative remedies and that, even if he did, the evidence shows that the force used was reasonable, Hobson received all process that was due under the circumstances, and that they are entitled to qualified immunity.[2] Because Hobson failed to exhaust his administrative remedies, I grant the defendants' motion.

---

[1] ECF No. 4 (screening order).
[2] ECF No. 42.

**Legal Standard**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[3] The PLRA's exhaustion requirement is not "left to the discretion of the district court, but is mandatory."[4] The Supreme Court has interpreted the PLRA as "requir[ing] proper exhaustion[,]" which "demands compliance with an agency's deadlines and other critical procedural rules . . . ."[5]

"Failure to exhaust under the PLRA is 'an affirmative defense [that] the defendant must plead and prove.'"[6] The Ninth Circuit instructed in *Albino v. Baca* that a summary-judgment motion is the proper procedural device to resolve PLRA exhaustion questions.[7] Under that standard, "the defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy."[8] If the defendant carries its burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies

---

[3] 42 U.S.C. § 1997e(a) (comma omitted).

[4] *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

[5] *Id.* at 91, 93.

[6] *Abino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

[7] *Id.* at 1168–71 (adopting the "use of a motion for summary judgment, as opposed to an unenumerated Rule 12(b) motion, to decide exhaustion" and explaining that either party "may move for summary judgment on the exhaustion question, followed, if necessary, by a decision by the court on disputed questions of material fact relevant to exhaustion").

[8] *Id.* at 1172.

effectively unavailable to him."[9]  "However, . . . the ultimate burden of proof remains with the defendant."[10]

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."[11]  But "[i]f a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be denied by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue."[12]

**Analysis**

**A.   Hobson failed to exhaust administrative remedies for his procedural-due-process claim.**

Hobson's due-process claim arises out of the Conduct Adjustment Hearing (CAB) process at CCDC.  He had a CAB hearing after his confrontation with Officers Cera and Corona, was found guilty of rule violations, and was punished with 20 days confined to his cell, 14 days suspended commissary privileges, and 10 days suspended confinement.[13]  Hobson testified that he chose not to appeal this decision because there was "no point" in doing so.[14]  The defendants argue that inmates at CCDC have the right to appeal a CAB decision, and by choosing not to do so, Hobson failed to exhaust his administrative remedies related to any alleged due process

---

[9] *Id.*
[10] *Id.* at 1170–71.
[11] *Id.* at 1166.
[12] *Id.* at 1170–71.
[13] ECF No. 42-6 (CAB hearing results).
[14] ECF No. 42-1 at 19–20 (Hobson deposition at 69:18–70:1).

3

violation arising out of the CAB hearing. Hobson argues that he contacted Sheriff Lombardo after the CAB hearing to complain.

Inmates at CCDC have the right to appeal CAB hearing results if they believe there was either (1) a violation of inmate disciplinary procedure, (2) the sanction issued was not appropriate to the violation, or (3) the inmate can show that he is not guilty.[15] There are two levels of appeal: first to the Captain or Central Booking Bureau and then to the Deputy Chief or the Detention Services Division.[16] The second-level decision is "final and binding."[17] Hobson admits that he chose not to appeal the CAB hearing results because he thought it would be pointless to do so, and he goes on to say that after the hearing he "didn't write [any] more grievances" because he was "through with CCDC."[18] He contends that writing to the sheriff was "basically [his] appeal process."[19] But writing Sheriff Lombardo is not part of the official appeals or grievance process. Because the defendants have shown that Hobson did not properly exhaust his administrative remedies for his procedural-due-process claim, I grant summary judgment in their favor.

**B. Hobson failed to exhaust administrative remedies for his excessive-force claim.**

Hobson alleges that Officers Corona and Cera used excessive force to restrain him after he refused to return to his cell when ordered to do so. The defendants argue that Hobson did not complete the grievance process for this claim as outlined in the CCDC Inmate Handbook.

---

[15] ECF No. 42-5 at 14–15 (Las Vegas Metropolitan Police Department standard operating procedure).
[16] *Id.* at 15.
[17] *Id.*
[18] ECF No. 42-1 at 20 (Hobson deposition at 70:2–23).
[19] *Id.* (Hobson deposition at 72:19–20).

Hobson responds that he exhausted his remedies by reporting the incident to the Internal Affairs Bureau (IAB) and submitting two grievances to a lieutenant and a captain.

The inmate grievance process at CCDC requires filing a grievance at "each level of [its] chain of command."[20] Inmates must first speak to their housing unit officer and continue up the chain through sergeant, lieutenant, captain, and deputy chief.[21] Hobson submitted only two grievances about this incident: first to a lieutenant and then to a captain.[22] He presents no evidence that he completed the process, and he testified that he thought the grievance process was pointless so he instead chose to write to Sheriff Lombardo and the IAB.[23] But "participating in an internal affairs investigation is not sufficient to satisfy the exhaustion requirement of the PLRA."[24] The focus is on the inmate's grievance and available administrative remedies, not the investigation by an outside entity, so participation in such an investigation is not equivalent to asserting a grievance in the available administrative procedure.[25]

Because Hobson never submitted a grievance to the deputy chief, and his complaints to outside entities do not satisfy the exhaustion requirement of the PLRA, I grant summary judgment in the defendants' favor on this claim, too.

---

[20] ECF No. 42-2 at 55 (CCDC Inmate Handbook).

[21] *Id.*

[22] ECF No. 1-1 at 16–20.

[23] ECF No. 42-1 at 20 (Hobson deposition at 71:23–72:15).

[24] *Panaro v. City of N. Las Vegas*, 432 F.3d 949, 950 (9th Cir. 2005).

[25] *Id.* at 953.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **[ECF No. 42] is GRANTED**.

And with good cause appearing and no reason to delay, IT IS FURTHER ORDERED that the **Clerk of Court** is directed to **ENTER JUDGMENT** in the defendants' favor and **CLOSE THIS CASE**.

Dated: March 31, 2019

_____
U.S. District Judge Jennifer A. Dorsey